# BENJAMIN O'BRIEN

*v.*

# ELIZABETH HAYNES.

1. PROCESS—*alias writ of replevin.* Where the defendant in an action of replevin is not served, or is improperly served, the suit must be continued and a second writ issued the same as in any other form of action.

2. SAME—*service.* Where a writ or summons is served after the return day, the service will be a nullity, and will not give the court jurisdiction of the person of the defendant.

3. APPEARANCE—*effect on defective service.* Where the record shows the appearance of a defendant by attorney, and the filing of a plea to the merits, and the attorney was employed in the case at a former term, the defendant will be concluded by the action of his attorney, and all defects and irregularities in the service will be cured.

4. SAME—*new trial.* The defendant in this case was served after the return day of the summons, and retained an attorney to defend. A new summons was ordered and the cause continued. The attorney, at the next term, filed a plea and proceeded to trial. After judgment, defendant entered a motion for a new trial, and showed, by affidavit, that he had not been served with the alias summons, and that he had a defense, detailing facts, which, if proved, would have presented a conflict of evidence. The court overruled the motion: *Held*, that the court did not err.

APPEAL from the Circuit Court of Tazewell county; the Hon. CHARLES TURNER, Judge, presiding.

Messrs. COHRS & SALTONSTALL, for the appellant.

Mr. C. A. ROBERTS and Mr. N. W. GREEN, for the appellee.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

This suit was brought in replevin, to recover a mule, and was finally tried upon a declaration in trover.

· Counsel for appellant insist that there was no authority to issue an *alias* writ of replevin.

The first writ was served after the return day, and when it had ceased to have any vitality. This did not give the court any jurisdiction of the person, and no judgment could properly be rendered upon such service and return. The suit was, however, pending in court, and it was proper to order the issuance of another summons, and continue the cause.

Where the party is not served, a second writ of replevin should be issued, as in any other form of action.

The statute requires that proceedings in an action of replevin shall be commenced by *plaint*, with a summons to the defendant. This summons must be served by reading to the defendant, before he is in court. If the writ be returned not found, or if it be improperly served, the suit must be continued and another writ ordered.

The statute further provides that, if the property named in the writ shall not be found, or shall not have been delivered to the officer, the plaintiff may file a declaration in trover, if the defendant shall have been summoned. Thus it will be seen that the defendant, in an action of replevin, must be summoned, and there is no reason for a distinction between this action and other suits in which an *alias* summons is always issued where there is no service, or an insufficient one. The assumed distinction would compel a plaintiff in replevin to dismiss his suit upon failure to obtain service for the first term.

The suit was pending when the second writ was issued, and we think that the order therefor was right.

This writ was duly returned, showing that the property could not be found, and that it had been read to the defendant. He thereupon appeared by his attorney, filed his plea, and consented to a trial by the court, and judgment was rendered against him.

A motion was then made for a new trial, based upon the affidavit of defendant and his attorney. The latter stated that he had been counsel for the defendant at a former term, in the same suit; that he had no communication with him since said term, and only entered his appearance to prevent a default.

The defendant stated that he had a good defense, which he detailed at length, and also that he had not been served with any process, returnable to the term at which the judgment was rendered.

The record shows conclusively that there was no new suit, and the attorney had been employed to defend the suit in which he filed the plea. He had accepted a retainer, and the defendant was concluded by the action of his attorney. All defects and irregularities in the service, if any existed, were cured by the plea. *Easton* v. *Altum*, 1 Scam. 250; *Mitchel* v. *Jacobs*, 17 Ill. 225; *Dunning* v. *Dunning*, 37 Ill. 306.

The affidavits do not present sufficient grounds for a new trial.

Even if all the facts detailed in the affidavit of the defendant had been proved, we should not disturb the finding of the court. The weight of the evidence would still be in favor of the plaintiff.

If the witnesses of the defendant had been present at the hearing, and testified in conformity to the affidavit, there would still be only a conflict of evidence.

In such case, it is sufficient, if, by fair and reasonable intendment, the judgment can be sustained.

Upon the whole record, we have no hesitation in affirming the judgment.

*Judgment affirmed.*